Good morning. Michael Petrick, officer of the Federal Defender for Ms. Benton. In Knowles v. Iowa, the Supreme Court laid down a bright-line rule, and they stated in that case that a police officer may not conduct a full-blown field search when they're issuing a citation. And the rationale in support of that decision is simple. The Supreme Court stated in Knowles at page 117 that when a police officer is issuing a citation, there is not a close proximity between the police officer and the arrestee for a long period of time. So when a police officer issues a citation, there is not a full, formal arrest, and there's no transport to the police station. Scalia. That's not what happened here, is it? No. And that's the ---- And frankly, what happened here, magistrate says there was an arrest. Well, I think that the magistrate was in error when ---- Are you appealing his decision that he said it was an arrest? I'm appealing his decision that he said it was an arrest that allowed a search of Ms. Benton and her purse. Well, I guess if you're suggesting that it is an arrest, that's one set of circumstances. If you're saying it wasn't an arrest at all, that's quite another. Well, Your Honor, I think that's getting into the ---- The problem that I have is that if this is a valid arrest, then we have what can you do based on the fact there's an arrest. And you're suggesting that we should go to look at citation cases, and I guess that's why I'm refocusing you. Are you really appealing that this was an arrest? I mean, the magistrate said it was an arrest. I might even say the magistrate missed it because he said it was an arrest for dogs, and I thought it was an arrest for drugs. But he didn't say that, and the government didn't appeal. So this is an arrest for dogs. So was there? Are you appealing the fact that he said there was an arrest? It didn't seem to me in your papers you did. Well, I appealed the district court's decision, and the argument in the district court was that Knowles v. Iowa prohibits the arrest for the dog because it's not an offense at all. There's no punishment attached to that VA regulation. So even though that regulation says when a VA police officer encounters a person and they can arrest and remove that person if they have a dog, you can't punish them. You can't bring them into criminal court for that. Well, Judge Smith asks, was it an arrest? And I just, does arrest mean only one thing? Is there a difference between a custodial arrest and a noncustodial arrest? I'm also puzzled by this entire problem. I mean, I think they thought at one point they were arresting somebody for drugs, and then the arrest is validated on a dog, by a dog, rather than drugs. And is that a different kind of arrest? Do you still use the word arrest to describe both types of whatever it is that they do, taking the person? Is it custodial or what is it? Is it the same form of arrest that you make for a dog that you do for drugs? Well, I think arrest is defined in Knowles, and the Supreme Court defined that arrest as taking some person into custody and transporting them to the police station to file charges. I assume that on government property, including VA property, there are probably some posted speed limits, correct? Posted speed limits? Yes. Do you know how fast you can drive? The answer is yes. Yes. Okay. And if what happened here, on this hypothetical question, if what happened here is, let's say the posted speed limit was 20, and she drove in her truck with this eliminate the dog. She drives in her truck, and she's going 24, and an officer sees that and pulls her over and issues her a citation for speeding on federal government property. Has she been arrested? No. No, she has not, because she's been issued a citation, and she wasn't transported to the police station. So in this case. I guess that's my worry in that, in this case, we have a regulation that suggests she can be arrested, and I have a magistrate decision that says she was. For a dog. While I'm not really sure the facts and circumstances suggest the arrest. But the magistrate found an arrest, and so that's why I asked what you were really going after. I mean, if you're suggesting that there was never an arrest, that's one thing. But if you're suggesting that the arrest was therefore bad, or that there was an arrest, then I have another situation. That's why I'm kind of focusing in on that. The magistrate is the one who changed what the arrest was for. The police didn't. Right. I mean, my point that I thought I set forth clearly in the briefs was that if you cannot do a full-blown field search when you're issuing a citation, you certainly can't do a full-blown field search when you're stopping somebody for an unpunishable act. That is the main thrust of my brief. That follows directly from Knowles v. Iowa, I believe. Now, arrest, if you're concerned with the definition of arrest, is defined in Knowles, and that is clearly stated, stopping someone, putting them into custody, and transporting them to the police station. And it's that close proximity, the close proximity that gives rise to the potential danger to the officer effectuating the arrest. Whatever happened to Ms. Knowles when she was first encountered the Veterans Administration, VA police, is that what it was? Yes. Federal Protective Service or what? I think they're VA police. Okay. Whatever happened when that contact occurred, the reason that it occurred was because she had a dog in the bed of the pickup truck, right? That's what started, that's what drew the attention of the police to the vehicle. I think your answer should be yes. Yes. Okay. All right. Because if you go far afield from that. Can, could the magistrate change that? Well, I don't think the magistrate changed what drew the police to the vehicle. Why don't you answer, Judge Hawkins likes single word answers. Why don't you just say no? Well, I would like to answer in a single word, but I don't think I can. His answer, his question was quite simple. He said, can the magistrate change that? Change what? You can't change the fact. No. That that's what drew them to the vehicle. So the answer is no. No. Thank you. My worry is this, and I guess I have to get back to you. As I read the record, the police giving testimony before the magistrate never said that I recognized in the testimony, I arrested this person because she had a dog. Their testimony was she was arrested because she had a pipe in her car and they could smell marijuana and they thought then she was as bad as her colleague. Her colleague then jumps up and says, it's mine. First of all, he says, it isn't mine. Second of all, she says, well, I guess it is mine. But as I understood the police, it was all an arrest about drugs. Then we have a magistrate who says, well, it doesn't matter. They could have arrested anyway for a dog. Based on the regulations that say they can arrest for a dog. Now, my worry is this, I guess. What are you really suggesting? They didn't have valid grounds to arrest for the dog? Or that the arrest wasn't an arrest at all? Well, they did not have valid grounds to search her. They could stop her, but they could not search her or her belongings. In fact, there's a regulation in the law that suggests they can arrest her and take her off the property is invalid? That arrest could mean stop and remove. I mean, the analogy is when you're speaking too loud in the library. A librarian can ask you to stop and remove. I don't know any regulations in the library that say when you speak too loud, you can be arrested. I think in this context, that regulation has to mean stop and remove, not arrest in the legal sense of arrest. What is your best, other than Knowles, which doesn't talk about our situation, what is your best case for the fact that the law says they can arrest and remove doesn't mean arrest? I don't have a case in that context with this regulation. Thank you. Okay. Thank you. May it please the Court. My name is Jared Dolan. I represent the United States. Who came up with the idea to justify this search based on the dog? The United States argued that the dog was an arrestable offense. I'm asking for, was it an assistant U.S. attorney who was consulted? Who came up with the idea to justify the search of her purse based on the dog in the bed of her pickup truck? Your Honor, it is in the record that the magistrate judge said that. No, that's not the question. That's not the question. Well, then that, then your question, the answer to your question is not in the record. You don't know. Who came up with the idea? Yeah. Whose bright idea was it to suggest that they could justify this search based on her having a dog in the back of her truck? Your Honor, I would point the Court to the excerpts of record at page 20, footnote 4, which states that the magistrate judge said, although it wasn't argued because that was an arrestable offense, it's valid to switch it under Devon Peck v. Alford. So that was the reason for my answer to you, that the magistrate judge was the magistrate judge who came up with the idea. Yes. And that's, in the record, that's his justification for allowing the search of her purse? Yes, Your Honor. Okay. And the magistrate judge found that it was fair to attribute that argument to the United States Department of Justice, that the search of a VA property was an arrestable offense. Now, the fact that an arrest did occur is dispositive in this case, and it That's assuming that arrest has one meaning, that when the VA uses it in a regulation, that's the same concept of legal arrest that we have at law. There may be several people who use the term arrest in different ways, and unless you think of it, whenever you say arrest, it's a legal arrest. It's the same concept we mean when we say a police officer who takes somebody into custody, your partner says, for the purpose of transporting them to a police station, but it may mean other things, too. Or do you think there's whoever uses the term is always using arrest in the legal sense? I don't think it's always in the legal sense, Your Honor. But I think here the officers were told to go in, arrest the defendant. They brought her out. That's what the magistrate judge found. They searched her purse incident to that arrest. Well, they didn't. Did they bring her in because of the dog? Is that why they went to get her, or was it because of their suspicion about the pipe in the car? It was the suspicion about the pipe, Your Honor. So when they used that term about the pipe, that doesn't mean when they were talking about the VA regulation that they were thinking that that was an arrest. That's right, Your Honor. At the point in time where the officers, as opposed to the magistrate judge, decided to search her purse, the basis in their mind for doing it was that they had seen drugs or drug paraphernalia inside the cab of the truck, right? I suppose so, Your Honor. I mean, if she was under arrest at that point, I think the point of searching the purse was to search her incident. I thought she had gone inside the hospital to pick up a prescription or something? Yes, Your Honor. Okay. So you've told us that it was the magistrate who came up with the dog justification, but that the officers thought that saw the presence of what they thought was narcotics paraphernalia, marijuana and pipe, that sort of thing. Yes, Your Honor. And that was their reason for going and retrieving her, correct? Yes, Your Honor. They let her go inside to get her prescription, right? Yes, Your Honor. Okay. So at that point, had her companion said, that's my stuff? Looking at the time. Well, that's a real easy question to answer, counsel. Yes. You ought to know the answer to it.  The answer is yes.   He had already switched his story. He denied it first and then said, okay, it's my stuff. So did they have any reason to believe that at that point that the stuff was hers? The magistrate judge found that there was no probable cause to arrest her for the marijuana at that point. Okay. All right. Thank you. Your Honor, in conclusion, I would just say that when they searched her purse incident to an arrest, it was not, you know, they're allowed to do that, that they are allowed to search her for weapons and for evidence. And they did find a weapon. It was for safety reasons, and it was valid. Okay. Thank you, Your Honor. The case, as argued, will be submitted.
judges: Reinhardt, Hawkins, Smith N. R.